DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Hope Steffey, et al | ) | |
| | ) | CASE NO. 5:07CV3226 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | T R I A L |
| | ) | |
| Timothy Swanson, et al | ) | O R D E R |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**IT IS ORDERED AS FOLLOWS:**

1. This case is scheduled for trial on December 8, 2008, on a stand-by basis, for a period of two weeks in the Courtroom of the Honorable David D. Dowd, Jr., United States District Judge, Federal Building, United States Courthouse, 2 South Main Street, Akron, Ohio.

Since this case is designated as a standby case, it shall be the responsibility of counsel to keep in contact with the courtroom deputy concerning the exact date and time of trial.

This matter will remain on a standby status subject to call for a period of two (2) weeks.

(5:07CV3226)

# FAILURE OF COUNSEL TO COMPLY IN GOOD FAITH WITH THE FOLLOWING PROCEDURE MAY RESULT IN THE IMPOSITION OF SANCTIONS.

### UNDISPUTED FACT STIPULATION

2. Counsel for the plaintiff shall prepare and submit to opposing counsel by November 10, 2008, a proposed stipulation as to undisputed facts for use at trial, and for submission to the jury in the event of a jury trial.  Opposing counsel shall add to and note disagreement, if any, with the proposed stipulation and so notify counsel for the plaintiff as to proposed additions, deletions, or objections by November 24, 2008.

Counsel shall then meet and put in final form the stipulation as to undisputed facts, reserving any objections as to relevancy, and submit the signed stipulation to the Court by December 1, 2008.

The final stipulation is intended to expedite the fact-finding process at trial.  Copies of the stipulation will be submitted to the jury in all jury trials.  Only the final agreed upon stipulation should be filed with the Court.  Copies of any documents to which the parties have stipulated should be appended to the stipulation.

(5:07CV3226)

## **TRIAL BRIEFS**

3. Complete trial briefs and motions in limine, if any, shall be filed at least <u>one</u> (1) week before the standby trial date.  <u>A complete trial brief includes</u>: (a) <u>a statement of the facts</u>; (b) <u>a discussion of the controlling law</u>; (c) <u>a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness</u>; (d) <u>an index of all proposed exhibits containing a brief description of each exhibit</u>; and (e) <u>a discussion of any evidentiary issues likely to arise at trial</u>.

4. In a jury case, trial briefs also shall include any proposed voir dire questions and any proposed jury instructions.  The Court will conduct the voir dire examination of the jury.

<u>Counsel are required to exchange trial briefs with opposing counsel</u>.

5. WITNESSES NOT LISTED IN THE TRIAL BRIEF SHALL NOT TESTIFY AT TRIAL, AND EXHIBITS NOT LISTED IN THE TRIAL BRIEF SHALL NOT BE INTRODUCED AT TRIAL, ABSENT A SHOWING OF GOOD CAUSE.  THIS RULE APPLIES TO LAY WITNESSES AS WELL AS TO EXPERT WITNESSES.

## **VIDEOTAPE DEPOSITIONS**

6. Use at trial of videotape depositions is encouraged.  The parties are specifically directed to comply with the provisions of Local Rule 32.1.  In addition, when videotape depositions will be presented in lieu of live trial testimony, counsel must file with the Court a complete written transcript of the videotape deposition prior to its use.

(5:07CV3226)

## **EXHIBITS**

7.  <u>Two (2) copies of all exhibits shall be furnished to the Court no later than two (2) working days before the standby trial date</u>.  There is no need to <u>file</u> the exhibits with the Clerk of Court, rather they may be delivered directly to the Judge's chambers.  The two (2) copies are for the Court's use.  <u>The original exhibits should be retained by counsel to be introduced by counsel at trial</u>.

8.  Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) working days before the standby trial date.

9.  Exhibits shall be marked <u>before trial</u> with exhibit stickers, which are available from the Clerk's Office on request.  The plaintiff shall mark exhibits with numbers and the defendant shall mark exhibits with letters.  Both sides are to indicate the <u>case number</u> on the bottom portion of the exhibit sticker.  If there are multiple parties, the party's last name should precede the numbers or letters (<u>i.e.</u>, "Miller-1" or "Jones-A").  If the defendant has more than 26 exhibits, double letters shall be used (<u>i.e.</u>, AA, BB, CC, etc.).

WHENEVER A MULTI-PAGE EXHIBIT IS USED, EACH PAGE OF THE EXHIBIT MUST BE SEPARATELY NUMBERED.  FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS 1-1, THE SECOND PAGE MARKED AS 1-2, AND THE THIRD PAGE MARKED AS 1-3.

10.  The Court strongly recommends that counsel place all exhibit sets in three-ring looseleaf binders/notebooks, with appropriately marked divider tabs and a table of contents at the front.

(5:07CV3226)

## NON-JURY CASES

11.  In non-jury cases, counsel shall submit in writing what they believe to be the issues in the case no later than two (2) working days before the standby trial date.

12.  In all non-jury cases, proposed findings of fact and conclusions of law shall be submitted to the Court no later than two (2) working days before the standby trial date.

(Counsel are not required to exchange proposed findings of fact and conclusions of law with opposing counsel).

## SPECIAL INSTRUCTIONS TO COUNSEL

13.  The within action having been assigned to this Court, it is requested that all motions, responses, stipulations, issue statements, proposed findings of fact and conclusions of law, trial briefs, and any other matters presented to the Court be filed with the Clerk in Akron (if not electronically filed) and not with the Clerk in either Youngstown or Cleveland.  Please do not send materials for filing directly to the Judge's chambers.  The Akron Clerk's Office address is:

**568 Federal Building - U.S. Courthouse**

**2 South Main Street**

**Akron, Ohio 44308**

14.  If the parties reach a settlement in the case, counsel are directed to notify the courtroom deputy immediately.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS in the event the Court or the Court's law clerks spend time resolving pending motions after the failure to notify regarding settlement.

15.  Counsel are required to remain in the proximity of the courtroom during jury

(5:07CV3226)

deliberations.  If counsel need to leave the immediate area, they must notify the courtroom deputy of where they can be located.

    16. **Special Instructions:**

IT IS SO ORDERED.

| | |
|---|---|
| <u>May 5, 2008</u> | <u>  */s/ David D. Dowd, Jr.*  </u> |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |