UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE STEFFEY, et al., | ) | CASE NO.: 5:07-CV-03226 |
| | ) | |
| | ) | JUDGE DAVID D. DOWD, JR. |
| Plaintiffs, | ) | |
| | ) | **DEFENDANTS TIMOTHY A. SWANSON,** |
| | ) | **BOARD OF COMMISSIONERS OF** |
| vs. | ) | **STARK COUNTY, RICHARD T.** |
| | ) | **GURLEA, JR., LAURA RODGERS, TONY** |
| | ) | **GAYLES, ANDREA MAYS, BRIAN** |
| | ) | **MICHAELS AND KRISTEN** |
| TIMOTHY A. SWANSON, et al., | ) | **FENSTEMAKER'S ANSWER TO** |
| | ) | **PLAINTIFFS' FOURTH AMENDED** |
| | ) | **COMPLAINT** |
| Defendants. | ) | |
| | ) | |

Now come Defendants Timothy A. Swanson, Board of Commissioners of Stark County, Richard T. Gurlea, Jr., Laura Rodgers, Tony Gayles, Andrea Mays, Brian Michaels and Kristen Fenstemaker, by and through counsel Mazanec, Raskin, Ryder & Keller Co., L.P.A., and for their answer to the Plaintiffs' Fourth Amended Complaint state as follows:

**FIRST DEFENSE**

1. In reply the allegations contained in Paragraph 1 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the subject matter jurisdiction of this Court pursuant to 28 USC §1331, that venue is proper in this Division and the nature of this action. Further pleading, these Defendants deny all liability in this action and further deny all other allegations contained in said Paragraph 1.

2. In reply to the allegations contained in Paragraph 2 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was arrested by Deputy Richard Gurlea on October 20, 2006 for resisting arrest and disorderly conduct. These Defendants further admit that Plaintiff Hope Steffey was released from the Stark County Jail on October 21, 2006. Further answering said Paragraph, these Defendants admit that Plaintiff Hope Steffey's clothing was removed to prevent her from injuring herself or others. These Defendants deny all remaining allegations contained in Paragraph 2 of Plaintiffs' Fourth Amended Complaint.

3. These Defendants deny or deny for want of information all allegations contained in Paragraph 3 of Plaintiffs' Fourth Amended Complaint.

4. In reply to the allegations contained in Paragraph 4 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Deputy Gurlea was dispatched on October 20, 2006 in response to a call regarding domestic violence. These Defendants further admit that Deputy Gurlea attempted to calm Plaintiff Hope Steffey once he arrived at the scene and that Plaintiff Hope Steffey was arrested when she became disorderly and refused to comply with the requests of Deputy Gurlea. Further answering said Paragraph, these Defendants deny the remaining allegations contained therein.

5. In reply to the allegations contained in Paragraph 5 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Timothy A. Swanson is the Sheriff of Stark County, Ohio whose duties include, inter alia, those specified in R.C. §341.01. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 5.

6. In reply to the allegations contained in Paragraph 6 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Stark County is a political subdivision of Ohio. Further

pleadings, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 6.

7. In reply to the allegations contained in Paragraph 7 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Correctional Healthcare Group, Inc. provides medical and mental health services at the Stark County Jail pursuant to contract awarded after a competitive bidding process. Further pleading, these Defendants deny or deny for want of information all further allegations contained in Paragraph 7.

8. In reply to the allegations contained in Paragraph 8 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Jonathan Stump is the CEO of Correctional Healthcare Group, Inc. These Defendants deny or deny for want of information all remaining allegations contained in Paragraph 8.

9. These Defendants deny or deny for want of information all allegations contained in Paragraph 9 of Plaintiffs' Fourth Amended Complaint.

10. In reply to the allegations contained in Paragraph 10 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Dr. Anuszkiewicz provides mental health services in the Stark County Jail. Further answering said Paragraph, these Defendants deny or deny for want of information the remaining allegations contained therein.

11. In reply to the allegations contained in Paragraph 11 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Dr. Anuszkiewicz was the psychologist at the Stark County Jail on October 20, 2006 and that Dr. Anuszkiewicz agreed that Plaintiff Hope Steffey should be placed on homicide/suicide precautions – no suit. Further pleading, these Defendants deny or deny for want of information all remaining allegations contained in Paragraph 11 of Plaintiffs' Fourth Amended Complaint.

12. In reply to the allegations contained in Paragraph 12 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Sgt. Laura Rodgers, Deputy Tony Gayles, Corrections Officer Kristen Fenstemaker, Deputy Andrea Mays and Deputy Brian Michaels worked at the Stark County Jail at the time of Plaintiff Hope Steffey's incarceration. Further answering, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

13. In reply to the allegations contained in Paragraph 12a of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Laura Rodgers was a female Sergeant and shift supervisor at the Stark County Jail on October 20, 2006. These Defendants further admit that Sgt. Rodgers is not a member of the Corrections Emergency Response Team. Further answering, these Defendants deny or deny for want of information all remaining allegations contained in said Paragraph.

14. In reply to the allegations contained in Paragraph 12b of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Tony Gayles is a male Deputy Sheriff and member of the CERT Team. These Defendants deny or deny for want of information all remaining allegations contained in said Paragraph.

15. In reply to the allegations contained in Paragraph 12c of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Kristen Fenstemaker was a female corrections officer at the Stark County Jail on October 20, 2006. Further answering said Paragraph, these Defendants deny or deny for want of information all remaining allegations contained therein.

16. In reply to the allegations contained in Paragraph 12d of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Andrea Mays is a female Deputy Sheriff and CERT Team member. Further answering, these Defendants deny or deny for want of

information all remaining allegations contained in Paragraph 12d of Plaintiffs' Fourth Amended Complaint.

17. In reply to the allegations contained in Paragraoph 12e of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Brian Michaels is a male deputy sheriff and a member of the CERT Team. Further answering, these Defendants deny or deny for want of information all remaining allegations contained in said Paragraph.

18. In reply to the allegations contained in Paragraph 13 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action, but deny or deny for want of information all other allegations contained in said Paragraph.

19. In reply to the allegations contained in Paragraph 14 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Stark County Sheriff's deputies were dispatched to a call for assistance by Nehemiah Preston on or about October 20, 2006 at approximately 7:54 p.m. concerning an incident involving Plaintiff Hope Steffey and Leanne Preston, among others. Further pleadings, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 14.

20. In reply to the allegations contained in Paragraph 15 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Deputy Gurlea responded to the above-referenced dispatch and further admit that Deputy Gurlea questioned Plaintiffs Hope Steffey and requested her identification. Further answering, these Defendants admit that Plaintiff Hope Steffey gave Deputy Gurlea identification belonging to another person. These Defendants deny or deny for want of information all remaining allegations contained in said Paragraph.

21. These Defendants deny or deny for want of information all allegations contained in Paragraph 16 of Plaintiffs' Fourth Amended Complaint.

22. In reply to the allegations contained in Paragraph 17 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Deputy Gurlea observed a tuft of hair matching that of Plaintiff Hope Steffey and a scalp injury on Plaintiff Hope Steffey. Further pleadings, these Defendants admit that Deputy Gurlea did not summon medical assistance for Plaintiff Hope Steffey. These Defendants deny or deny for want of information all other allegations contained in said Paragraph.

23. These Defendants deny or deny for want of information all allegations contained in Paragraphs 18, 19, 20, 21, 22, 23 and 24.

24. In reply to the allegations contained in Paragraph 25 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Deputy Gurlea drove Plaintiff Hope Steffey to the Stark County Sheriff's Office in the back seat of his cruiser and that Plaintiff Hope Steffey was left in Deputy Gurlea's cruiser for a short period of time. Further pleadings, these Defendants deny or deny for want of information all other allegations contain in said Paragraph.

25. These Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Fourth Amended Complaint.

26. In reply to the allegations contained in Paragraph 27 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action and that Deputy Gurlea was acting under color of law at all pertinent times. Further pleadings, these Defendants deny all liability in this action and further deny or deny for want of information all other allegations contained in said Paragraph.

27. These Defendants deny or deny for want of information all allegations contained in Paragraph 28 of Plaintiffs' Fourth Amended Complaint.

28. In reply to the allegations contained in Paragraph 29 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

29. In reply to the allegations contained in Paragraph 30 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that a physical altercation occurred between Deputy Gurlea and Plaintiff Hope Steffey on or about October 20, 2006, which was solely and proximately caused by the actions of Plaintiff Hope Steffey.  Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

30. These Defendants deny or deny for want of information all allegations contained in Paragraphs 31, 32 and 33 of Plaintiffs' Fourth Amended Complaint.

31. In reply to the allegations contained in Paragraph 34 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action, but deny or deny for want of information all other allegations contained in said Paragraph.

32. In reply to the allegations contained in Paragraph 35 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was admitted into the Stark County Jail on or about October 20, 2006 and was released on October 21, 2006.  Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

33. In reply to the allegations contained in Paragraph 36 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was asked if she had any weapons in the presence of jail personnel but deny or deny for want of information all other allegations contained in said Paragraph.

34. In reply to the allegations contained in Paragraph 37 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was placed on suicide/homicide precautions – no suit and that Plaintiff Hope Steffey's clothing was removed and that her legs were crossed in order to prevent her from kicking or injuring herself or jail personnel. Further pleading, these Defendants deny or deny for want information all other allegations contained in said Paragraph.

35. These Defendants deny or deny for want of information all allegations contained in Paragraphs 38 and 39 of Plaintiffs' Fourth Amended Complaint.

36. In reply to the allegations contained in Paragraph 40 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Hope Steffey was placed in a cell without clothing, but deny or deny for want of information all other allegations contained in said Paragraph.

37. In reply to the allegations contained in Paragraph 41 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was confined in a locked jail cell for approximately six (6) hours without clothing. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

38. These Defendants deny or deny for want of information all allegations contained in Paragraphs 42, 43 and 44 of Plaintiffs' Fourth Amended Complaint.

39. In reply to the allegations contained in Paragraph 45 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action and that all actions complained of were taken under color of state law. Further pleadings, these Defendants deny all

liability in this matter and further deny or deny for want of information all other allegations contained in said Paragraph.

40. These Defendants deny or deny for want of information all allegations contained in Paragraph 46 of Plaintiffs' Fourth Amended Complaint.

41. In reply to the allegations contained in Paragraph 47 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action, but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

42. In reply to the allegations contained in Paragraph 48 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was confined in a jail cell without clothing. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

43. In reply to the allegations contained in Paragraph 49 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Hope Steffey's clothing was taken but deny or deny for want of information all other allegations contained in said Paragraph.

44. In reply to the allegations contained in Paragraph 50 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was placed in a jail cell without clothing and admit that her legs were crossed to prevent her from kicking and injuring herself or jail personnel, but deny or deny for want of information all other allegations contained in said Paragraph.

45. These Defendants deny or deny for want of information all allegations contained in Paragraphs 51, 52 and 53 of Plaintiffs' Fourth Amended Complaint.

46. In reply to the allegations contained in Paragraph 54 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

47. In reply to the allegations contained in Paragraph 55 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that on or about October 20, 2006, a physical altercation occurred between Deputy Gurlea and Plaintiff Hope Steffey was which solely and proximately caused by Plaintiff Hope Steffey's own actions. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

48. In reply to the allegations contained in Paragraph 56 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was admitted to the Stark County Jail on or about October 20, 2006 and that she was placed in a jail cell.  These Defendants furth admit that Plaintiff Hope Steffey's clothing was taken but deny or deny for want of information all other allegations contained in said Paragraph.

49. In reply to the allegations contained in Paragraph 57 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey's clothing was taken and that her legs were crossed in order to prevent her from kicking and injuring herself or jail personnel but deny or deny for want of information all other allegations contained in said Paragraph.

50. These Defendants deny or deny for want of information all allegations contained in Paragraphs 58, 59 and 60 of Plaintiffs' Fourth Amended Complaint.

51. In reply to the allegations contained in Paragraph 61 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny any and all other allegations contained in said Paragraph.

52. In reply to the allegations contained in Paragraph 62 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Timothy A. Swanson and Stark County were acting under color of state law at all pertinent times, but deny or deny for want of information all remaining allegations contained in said Paragraph.

53. In reply to the allegations contained in Paragraph 63 and 64 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Defendant Swanson is the Sheriff of Stark County, Ohio who has, among other duties, those specified by R.C. §314.01. Further pleading, these Defendants deny or deny for want of information all remaining allegations contained in said Paragraphs.

54. These Defendants deny or deny for want of information all allegations contained in Paragraphs 65 and 66 of Plaintiffs' Fourth Amended Complaint.

55. In reply to the allegations contained in Paragraph 67 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Correctional Healthcare Group, Inc. provides medical and mental health services for the Stark County Jail, but deny or deny for want of information all other allegations contained in said Paragraph.

56. These Defendants deny or deny for want of information all allegations contained in Paragraphs 68, 69, 70 and 71, 71a, 71b, 71c, 71d, 71e, 71f, 71g, 71h and 72 of Plaintiffs' Fourth Amended Complaint.

57. In reply to the allegations contained in Paragraph 73 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

58. These Defendants deny or deny for want of information all allegations contained in Paragraphs 74, 75, 76, 77, 78, 79, 79a, 79b, 79c, 79d, 79e, 79f, 79g and 80.

59. In reply to the allegations contained in Paragraph 81 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

60. In reply to the allegations contained in Paragraph 82 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that on or about October 20, 2006, a physical confrontation occurred between Deputy Gurlea and Plaintiff Hope Steffey which was solely and proximately caused by the actions of Plaintiff Hope Steffey. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

61. In reply to the allegations contained in Paragraph 83 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was incarcerated in the Stark County Jail on or about October 20, 2006 and October 21, 2006 but deny or deny for want of information all other allegations contained in said Paragraph.

62. In reply the allegations contained in Paragraph 84 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was asked if she had any intentions of harming herself but deny or deny for want of information all other allegations contained in said Paragraph.

63. In reply to the allegations contained in Paragraph 85 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey's clothing was removed, but deny or deny for want of information all other allegations contained in said Paragraph.

64. In reply to the allegations contained in Paragraph 86 of Plaintiffs' Fourth Amended Complaint, these Defendants state that Plaintiff Hope Steffey's legs were crossed in order to prevent her from kicking and injuring herself or jail personnel.  Further pleading, these

Defendants deny or deny for want of information all other allegations contained in said Paragraph.

65. These Defendants deny or deny for want of information all allegations contained in Paragraphs 87, 88, 89 and 90 of Plaintiffs' Fourth Amended Complaint.

66. In reply to the allegations contained in Paragraph 91 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

67. In reply to the allegations contained in Paragraph 92 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was incarcerated in the Stark County Jail on or about October 20, 2006 and October 21, 2006 on misdemeanor charges of resisting arrest and disorderly conduct. Further pleading, these Defendants deny or deny for want of information all other allegation contained in said Paragraph.

68. In reply to the allegations contained in Paragraph 93 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey's clothing was taken from her but deny or deny for want of information all other allegations contained in said Paragraph.

69. These Defendants deny or deny for want of information all allegations contained in Paragraphs 94, 95 and 96 of Plaintiffs' Fourth Amended Complaint.

70. In reply to the allegations contained in Paragraph 97 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was placed in a jail cell without clothing but deny or deny for want of information all other allegations contained in said Paragraph.

71. These Defendants deny or deny for want of information all allegations contained in Paragraph 98 of Plaintiffs' Fourth Amended Complaint.

72. In reply to the allegations contained in Paragraph 99 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was placed in a jail cell for approximately six (6) hours without clothing but deny or deny for want of information all other allegations contained in said Paragraph.

73. These Defendants deny or deny for want of information all allegations contained in Paragraphs 100, 101, 102, 103, 104 and 105 of Plaintiffs' Fourth Amended Complaint.

74. In reply to the allegations contained Paragraph 106 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

75. In reply to the allegations contained in Paragraph 107 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want information all other allegations contained in said Paragraph.

76. In reply to the allegations contained in Paragraph 108 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was incarcerated in the Stark County Jail on or about October 20, 2006 and October 21, 2006 on misdemeanor charges of resisting arrest and disorderly conduct. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

77. In reply to the allegations contained in Paragraph 109 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was asked if she had any intentions of harming herself. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

78. In reply to the allegations contained in Paragraph 110 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey's clothing was taken. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph.

79. These Defendants deny or deny for want of information all allegations contained in Paragraphs 111, 112, 113 and 114 of Plaintiffs' Fourth Amended Complaint.

80. In reply to the allegations contained in Paragraph 115 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey's clothing was taken from her but deny or deny for want of information all other allegations contained in said Paragraph.

81. In reply to the allegations contained in Paragraph 116 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff was placed in a jail cell without clothing but deny or deny for want information all other allegations contained in said Paragraph.

82. In reply to the allegations contained in Paragraph 117 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Plaintiff Hope Steffey was placed in a jail cell for approximately six (6) hours without clothing but deny or deny for want of information all other allegations contained in said Paragraph.

83. These Defendants deny or deny for want of information all allegations contained in Paragraphs 118, 119, 120, 121 and 122 of Plaintiffs' Fourth Amended Complaint.

84. In reply to the allegations contained Paragraph 123 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph.

85. These Defendants deny or deny for want of information all allegations contained in Paragraphs 124, 125, 126, 126a, 126b, 126c, 126d, 126e, 126f, 126g and 127.

86. These Defendants deny any and all allegations contained in Plaintiffs' Fourth Amended Complaint which are not specifically admitted hereinabove.

## SECOND DEFENSE

1. Plaintiffs' Fourth Amended Complaint fails to state a claim upon relief can be granted in the following respects:

   a. The Fifth Amendment Due Process Clause has no application to the circumstances described in this case as alleged in Counts 1 and 3 of Plaintiffs' Fourth Amended Complaint.

   b. Plaintiff Greg Steffey has no actionable claim for loss of consortium as alleged in Count 8 for the constitutional violations alleged in Counts 1, 3 and 6 of Plaintiffs' Fourth Amended Complaint.

   c. The individual Deputies cannot be held liable for negligence in connection with some or all of the constitutional violations alleged in this case in Counts 1 and 3, nor can they be held liable for negligence on state law claims as alleged in Counts 2, 4, 5, 7, 8 and 10 of Plaintiffs' Fourth Amended Complaint in the absence of a showing they were acting outside the course of their employment or a statute specifically imposing liability upon them.

   d. Plaintiffs' claims for punitive damages asserted in Paragraph (B) of their prayer are barred with respect to Sheriff Swanson and the Board of Commissioners of Stark County in their official capacity under federal and state law.

    e. Plaintiffs' claims for attorney fees asserted in Paragraph (D) of their prayer are barred as to Sheriff Swanson and the Board of Commissioners of Stark County in their official capacity under state law.

### THIRD DEFENSE

2. Privilege with respect to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of Plaintiffs' Fourth Amended Complaint in that Defendants are privileged to employ reasonable force and other measures to effect an arrest, maintain order and discipline in a jail and to protect prisoners in their custody.

### FOURTH DEFENSE

3. Qualified good faith immunity as to Counts 1 and 3 of Plaintiffs' Fourth Amended Complaint.

### FIFTH DEFENSE

4. Good faith/probable cause as to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of Plaintiffs' Fourth Amended Complaint.

### SIXTH DEFENSE

5. Immunity pursuant to R.C. Chapter 2744 and/or Ohio common law with respect to Counts 2, 4, 5, 7, 8 and 10 of Plaintiffs' Fourth Amended Complaint.

**SEVENTH DEFENSE**

6. Contributory negligence/implied assumption of risk/primary assumption of risk as to the negligence claim asserted in Count 7 of Plaintiffs' Fourth Amended Complaint.

**EIGHTH DEFENSE**

7. Res judicata/collateral estoppel as to Counts 1, 2, 5, 6, 7, 8, 9 and 10 of Plaintiffs' Fourth Amended Complaint and potentially Counts 3 and 4 of Plaintiffs' Fourth Amended Complaint. Plaintiff Hope Steffey was convicted of resisting arrest in the Alliance Municipal Court. Because the alleged illegitimacy of an arrest due to excessive force is an affirmative defense to a resisting charge, Plaintiffs were required to assert that defense in the underlying criminal proceedings and are now barred from asserting that claim in this case.

**NINTH DEFENSE**

8. Some or all of the Defendants named in this action are not real parties in interest. The action against Sheriff Swanson in his official capacity is in reality an action against Stark County.

**TENTH DEFENSE**

9. Any and all injuries suffered by the Plaintiffs were proximately caused by their own actions or the actions of individuals, companies and/or corporations for which these Defendants bear no legal responsibility.

**WHEREFORE**, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

*s/Tami Z. Hannon*
JAMES A. CLIMER  (0001532)
JOHN D. PINZONE (0075279)
TAMI Z. HANNON (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio  44139
(440) 248-7906
(440) 248-8861 - Fax
Email:  jclimer@mrrklaw.com
            jpinzone@mrrklaw.com
            thannon@mrrklaw.com

*OF COUNSEL*:

JOHN D. FERRERO, Stark County Prosecutor
Stark County Prosecutor's Office
Stark County Office Building
110 Central Plaza South, Suite 510
Canton, OH 44702

VIVIANNE WHALEN
Counsel, Stark County Sheriff's Office
4500 Atlantic Boulevard, NE
Canton, OH 44705-3800

*Counsel for Defendants Timothy A. Swanson, Board of Commissioners of Stark County, Richard T. Gurlea, Jr., Laura Rodgers, Tony Gayles, Andrea Mays, Brian Michaels and Kristen Fenstemaker*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 12, 2008, a copy of the foregoing Defendants Timothy A. Swanson, Board of Commissioners of Stark County, Richard T. Gurlea, Jr., Laura Rodgers, Tony Gayles, Andrea Mays, Brian Michaels and Kristen Fenstemaker's Answer to Plaintiffs' Fourth Amended Complaint was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    *s/Tami Z. Hannon*
    JAMES A. CLIMER  (0001532)
    JOHN D. PINZONE (0075279)
    TAMI Z. HANNON (0079812)

    *Counsel for Defendants Timothy A. Swanson, Board of Commissioners of Stark County, Richard T. Gurlea, Jr., Laura Rodgers, Tony Gayles, Andrea Mays, Brian Michaels and Kristen Fenstemaker*

SCOT-070384/Cty and Dep Ans to 4th AC