IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOPE STEFFEY, et al., ) | CASE NO.5:07 – CV – 03226 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAVID D. DOWD JR. |
| vs. ) | |
| ) | PLAINTIFFS' MOTION FOR A |
| TIMOTHY A. SWANSON., et al., ) | PROTECTIVE ORDER PURSUANT TO |
| ) | Fed. R. Civ. P. 30 REGARDING CERTAIN |
| Defendants. ) | DEPOSITION  QUESTIONING OF |
| ) | GREGORY STEFFEY |
| ) | |

Fed. R. Civ. P. 30 (d) (4) provides for protection of a witness who has been subjected to

examination conducted in "bad faith or in such manner as unreasonably to annoy, embarrass or

oppress the deponent or party."  Plaintiff Gregory Steffey ("Steffey"), non-expert fact witness

and party deponent asks this Court to limit his examination to bar hypothetical questions,

regardless of whether those hypothetical questions are based on fact or fantasy.

On October 28, 2008 Mr. Steffey's deposition commenced, and is scheduled to end on

November 20, 2008. During the October 28, 2008 deposition, Mr. Steffey was asked by Brian

Zimmerman, Esq. "…my hypothetical to you is, if taking what happened with your wife, leaving

that the same, your wife is brought in, she is questioned by the nurse, she admits that she wants

to harm herself, would you find it appropriate if the police officers would lead her to her cell and

leave her in there with her clothes on." (See attached Greg Steffey Deposition Excerpt, 138-139)

1

This question is annoying and oppressive for a number of reasons:

(1) Greg Steffey is not an expert witness, but rather is a fact witness, so such a hypothetical to Mr. Steffey is not appropriate;

(2) The question calls for inaccurate speculation, and is not based on the facts known to all – i.e., that Hope Steffey was place in a jail cell "with her clothes off," not on;

(3) The question calls for inaccurate speculation because Hope Steffey disputes that she ever said that she wanted to harm herself;

(4) The question calls for the witness to opine on the ultimate issue of liability, which would be appropriate only if he were an expert witness and the record supported the expert opinion.

F. R. E. 701 governs the opinion testimony by lay witnesses. Under this rule, a lay witness' testimony is limited to opinions or inferences that are (a) "rationally based on the perception of the witness;" or (b) "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Furthermore, such witnesses cannot offer an opinion "based on scientific, technical, or other specialized knowledge." This question is not based on Mr. Steffey's perception and is not helpful to understanding his testimony or the determination of a fact in issue. And regardless, responding to this hypothetical would require scientific, technical, or other specialized knowledge as to what is "appropriate" treatment of Hope Steffey. In addition, even if Greg Steffey were an expert witness, he would have to base his opinion on evidence in the record and the line of questioning in issue is clearly not based on facts on in the record. All have seen the video and all know that Hope Steffey was stripped in her cell and left naked, not clothed.

Respectfully submitted,


 */s/ David B. Malik*
David B. Malik (0023763)
8437 Mayfield Road
Chesterland, Ohio 44026
Office:440-729-8260
Fax: 440-729-8260
dbm50@sbcglobal.net

 */s/ Dennis J. Niermann*
Dennis Niermann (0007988)
8437 Mayfield Road
Chesterland, Ohio 44026
Office:440-729-8260
Fax: 440-729-8260
niermann@en.com

Co-counsel for Hope Steffey

## CERTIFICATE OF SERVICE

A copy of the foregoing was served, via this Court's ECF system, electronically, this 12th day of November, 2008.


*November 12, 2008*　　　　　　　　　*/s/ Dennis J. Niermann*
Date　　　　　　　　　　　　　　　　Co-Counsel for Plaintiffs